IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNA M. LAMBING,<br><br>                            **Plaintiff,**<br><br>vs.<br><br>BERKLEY INSURANCE COMPANY /<br>BERKLEY NET UNDERWRITERS<br>a/k/a INTREPID DIRECT<br>INSURANCE AGENCY, LLC<br>and/or BERKLEY GLOBAL<br>UNDERWRITERS, LLC,<br><br>[Serve their registered agent:<br>The Corporation Company, Inc.<br>112 SW 7th Street, Suite 3C<br>Topeka, Kansas 66603],<br><br>                            **Defendant.** | Case No. 2:21-cv-02184 |

## COMPLAINT

1. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, including the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), as well as the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Plaintiff Shanna Lambing is a female citizen of the State of Kansas.

3. In March 2019, defendant(s) hired plaintiff as a human resources manager to provide employee-relations services to various subsidiaries of W.R. Berkley, which is a publicly traded insurance holding company (NYSE symbol WRB).

4. The name on plaintiff's 2020 W-2 is Berkley Insurance Company / Berkley Net Underwriters, with an address of 475 Steamboat Road, Greenwich CT 06830.

5. Neither Berkley Insurance Company nor Berkley Net Underwriters is a registered entity with the Kansas Secretary of State's office, but two entities are registered: Intrepid Direct Insurance Agency, LLC, and Berkley Global Underwriters, LLC.

6. According to its most recent annual report to the Kansas Secretary of State's office, Intrepid Direct Insurance Agency, LLC, is a Kansas limited liability company, its official mailing address is 7400 College Boulevard, Suite 350, in Overland Park, Kansas, and it is owned by Berkley Insurance Company, 475 Steamboat Road, Greenwich CT 06830.

7. According to its most recent annual report to the Kansas Secretary of State's office, Berkley Global Underwriters, LLC is a Delaware limited liability company, its official mailing address is 200 PrincetonSouth Corporate C, Ewing, New Jersey 08628, and it is owned by StarNet Insurance Services, LLC, 475 Steamboat Road, Greenwich CT 06830.

8. The registered agent of both Intrepid Direct Insurance Agency, LLC, and Berkley Global Underwriters, LLC is The Corporation Company at the address noted in the caption.

9. Pending clarification of its/their correct legal name(s), plaintiff's employer(s) hereinafter will be referred to as Berkley or defendant(s).

10. According to its position statement submitted to the EEOC in response to plaintiff's charge of discrimination, Berkley hired plaintiff as a Human Resources manager for various operating units, including Intrepid Direct Insurance, Berkley Medical, and Berkley Net.

11. Throughout plaintiff's employment, Berkley was an "employer" within the meaning of Title VII.

12. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

13. This Court has personal jurisdiction over the parties.

14. Venue is proper in this Court.

15. Plaintiff began working for Berkley in March 2019.

16. In September 2019, plaintiff learned that she was pregnant.

17. Plaintiff's direct supervisor was Maria Liappis.

18. Before plaintiff disclosed that she was pregnant, she received positive feedback Ms. Liappis.

19. During plaintiff's employment with Berkley, the executive in charge of the Overland Park office was Bill Strout.

20. Before plaintiff disclosed that she was pregnant, she received positive feedback Mr. Strout.

21. On October 16, 2019, plaintiff informed Ms. Liappis and Mr. Strout that she needed to leave work early because she was experiencing pregnancy-related medical issues.

22. On October 30, 2019, plaintiff met with Mr. Strout and expressed her opposition to various unlawful employment practices, including gender-based favoritism that was creating a hostile work environment toward female employees, gender discrimination towards a female who received a promotion but did not receive a raise while three male employees received raises as part of their promotions, and a complaint by the only African-American female employee in the office who felt marginalized and excluded as compared to her peers.

23. Mr. Strout was visibly irritated with plaintiff and made it clear he did not want to be bothered with these problem as he flippantly responded by saying: "drama's gonna happen."

24. Approximately one week after this meeting with Mr. Strout, plaintiff was placed on an unwarranted, discriminatory, and retaliatory 60-day performance improvement plan.

25. Ms. Liappis told plaintiff that she did not think a performance improvement plan was warranted but explained that Mr. Strout had called her to express his displeasure with plaintiff for raising discrimination complaints and concerns during the October 30 meeting.

26. Plaintiff continued to do her job competently and diligently.

27. Plaintiff received positive feedback over the next 60 days.

28. On January 6, 2020, plaintiff had another pregnancy-related medical appointment, after which she informed Ms. Liappis that her doctor had recommended more frequent doctor's appointments and travel restrictions.

29. On January 14, 2020, plaintiff again expressed her opposition to unlawful discrimination when she spoke with Ms. Liappis, about Mr. Strout's treatment of a female employee who was going to be terminated without prior notice as compared to a male employee who was given several months' notice of his termination.

30. Ms. Liappis said she shared plaintiff's concerns but made it clear that Mr. Strout was the boss and said: "That's what the business wants, so we will make it happen."

31. On January 15, 2020, plaintiff asked Ms. Liappis why Mr. Strout had not followed through on his commitment to meet with her after giving her the November performance improvement plan.

32. Plaintiff also reiterated her concerns about the gender-based hostile work environment and the inconsistent treatment of female employees.

33. Ms. Liappis told plaintiff that she had met the expectations of the performance improvement plan but said there were "new concerns" and that they would meet again on January 23, 2020 to discuss an "exit strategy."

34. Plaintiff told Ms. Liappis that she was in a vulnerable position because of her pregnancy.

35. Plaintiff continued to do her job competently and professionally.

36. On January 23, 2020, plaintiff was summarily fired and medical insurance coverage for plaintiff and her unborn child was terminated that day.

37. The purported reason for plaintiff's termination was an obvious pretext for unlawful discrimination/retaliation and defendants offered plaintiff a separation

agreement to force her to waive any discrimination/retaliation and wrongful discharge claims.

38. Plaintiff refused to waive her rights under federal employment discrimination law, including Title VII and 42 U.S.C. § 1981.

39. On February 25, 2020, plaintiff filed a charge of discrimination with the EEOC.

40. Defendant(s) submitted their position statement to the EEOC on or about August 11, 2020.

41. On February 5, 2021, the EEOC issued its right-to-sue notice to plaintiff.

42. Plaintiff timely filed her charge of discrimination with the EEOC and exhausted all administrative prerequisites to filing this lawsuit.

## COUNT I – SEX/PREGNANCY DISCRIMINATION

43. Plaintiff hereby incorporates by reference the foregoing paragraphs of this complaint.

44. Plaintiff's sex/pregnancy was a motivating factor in plaintiff's termination.

45. Defendants thereby violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978.

46. As a direct result of this violation of her civil rights, plaintiff sustained actual damage, including lost income and benefits, emotional distress, and humiliation.

47. Defendant(s)' violation of plaintiff's civil rights was sufficiently culpable to warrant an award of punitive damages in that defendant acted with malice or reckless indifference to plaintiff's civil rights.

## COUNT II – UNLAWFUL RETALIATION

48. Plaintiff hereby incorporates by reference the foregoing paragraphs of this complaint.

49. Plaintiff engaged in protected activity within the meaning of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by reasonably and in good faith opposing unlawful sex discrimination and/or racial discrimination in the workplace.

50. Plaintiff's protected activity was a determining factor in defendant(s)' decision to place her on a performance improvement plan in November 2019.

51. Plaintiff's protected activity was a determining factor in defendant(s)' decision to terminate plaintiff in January 2020.

52. In each of the foregoing respects, defendant(s) violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981.

53. As a direct result of each of these violations of plaintiff's civil rights, plaintiff sustained actual damages, including lost wages and benefits, emotional distress, and humiliation.

54. Each of defendant(s)' violations of plaintiff's civil rights was sufficiently culpable to warrant an award of punitive damages in that defendant(s) acted with malice or reckless indifference to the plaintiff's civil rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks entry of judgment against defendant(s) on each of her claims herein, together with an award of actual damages, punitive damages to punish defendant(s) and serve as a deterrent to defendant(s) and others, reinstatement and other

appropriate equitable relief, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on every issue so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the place of trial as Kansas City, Kansas.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By /s/ *Larry M. Schumaker*
      Larry M. Schumaker    D. Kan. #70450

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:    816.941.9994
Facsimile:    816.941.8244
E-mail:    lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF