## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHANNA M. LAMBING,**

                            **Plaintiff,**

   **vs.**                                                        **Case No. 2:21-cv-02184-JWB-TJJ**

**BERKLEY INSURANCE COMPANY,**

                            **Defendant.**

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to FED. R. CIV. P. 33, Defendant answers and objects to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Defendant objects to these Interrogatories to the extent they call for information subject to the attorney-client privilege and/or work product doctrine. Defendant will submit its privilege log as a supplement to these answers. Moreover, some of the interrogatories and definitions contained therein are overbroad in scope and time; seek personnel information for individuals not involved in this matter and who have a legitimate expectation of privacy in such information; and/or call for information that is neither relevant nor proportional to the needs of the case. Defendant will provide confidential information pursuant to the protective order entered by the Court.

Defendant qualifies its answers by stating that it has not completed its investigation of all the facts relating to this case, discovery has not been completed in this action, and Defendant has not completed preparation for trial. These answers are neither intended as, nor shall in any way be deemed as, an admission or representation that further information does not exist. Defendant

reserves the right to amend or supplement these answers as discovery in this case progresses, as new facts are developed, as new information is obtained, and as may be required by the Federal Rules of Civil Procedure and the Court's Local Rules.  Therefore, the following answers are given in good faith but without prejudice to Defendant's right to produce any additional evidence at trial or in connection with any pretrial proceeding, including subsequently discovered information or information omitted as a result of mistake, oversight, or inadvertence.

Subject to and without waiving these objections, Defendant submits the following Answers and Objections to Plaintiff's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify each person who participated in the decision to terminate plaintiff's employment and, as to each such person, please state his or her name, date of hire, gender, the name of the entity that employed him/her, his/her job title at the time plaintiff was terminated, the date and reason(s) his/her employment ended (if applicable), and if no longer employed by defendant or a related entity, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER:  Defendant objects that this Interrogatory is vague and ambiguous in its reference to persons who "participated" in the decision to terminate Plaintiff's employment. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment information and personal/home addresses and telephone numbers.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant states that the following individuals participated (as Defendant understands the term) in the decision to terminate Plaintiff's employment:**

1. **Maria Liappis. At the time of Plaintiff's termination in January 2020, Ms. Liappis' title was Vice President, Talent and Organizational Development, of BerkleyNet Underwriters. Ms. Liappis is female. Her date of hire with BerkleyNet Underwriters was January 19, 2016. She is currently employed by Berkley Technology Services (a Berkley Company). Ms. Liappis made the decision to terminate Plaintiff's employment.**

2. **Bill Strout. At the time of Plaintiff's termination in January 2020, Mr. Strout's title was President of Intrepid Direct Insurance. Mr. Strout is male. His date of hire with Intrepid Direct Insurance was September 28, 2015. Mr. Strout was consulted regarding the decision to terminate Plaintiff's employment.**

3. **Carol J. LaPunzina. At the time of Plaintiff's termination in January 2020, Ms. LaPunzina was Senior Vice President, Human Resources, of W. R. Berkley Corporation. Ms. LaPunzina is female. Her date of hire with W. R. Berkley Corporation was September 1, 2009. Ms. LaPunzina was consulted regarding the decision to terminate Plaintiff's employment.**

**INTERROGATORY NO. 2:**    As to each person identified in response to the preceding interrogatory, please state his or her role in the decision to terminate plaintiff's employment.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to the "role" of each person in the decision to terminate Plaintiff's employment.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant refers Plaintiff to its answer to Interrogatory No. 1, which is incorporated herein by reference.**

**INTERROGATORY NO. 3:**    Please state the reason(s) for the decision to terminate plaintiff's employment.

**ANSWER: Defendant states that it terminated Plaintiff's employment due to Plaintiff's unsatisfactory performance.**

**INTERROGATORY NO. 4:**    Please identify each employee who reported directly to Maria Liappis at any time during the period January 1, 2019 to December 31, 2020, and as to each such person, please state his or her name, date of hire, gender, whether and when she took

pregnancy or maternity leave while working for defendant or a related entity, his/her current or most recent job title and any changes in his/her job title since January 1, 2019, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER: Defendant objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination). The Interrogatory also requests employment information for time periods during which the employees did not report directly to Ms. Liappis (e.g., subsequent employment separation). Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers.**

**Subject to and without waiving its objections, Defendant refers Plaintiff to BERKLEY00188 for responsive information regarding employees reporting directly to Maria Liappis from January 1, 2019 to December 31, 2020 who, during the time period the employees reported directly to Ms. Liappis, were either separated from employment or took maternity leave.**

**INTERROGATORY NO. 5:**    Please identify who took over plaintiff's responsibilities after her termination, and as to each such person, please state his or her name, date of hire, gender, whether and when she took pregnancy or maternity leave while working for defendant or a related entity, whether and when he/she reported unlawful conduct during his/her tenure with defendant, his/her current or most recent job title and any changes in his/her job title since January 1, 2019, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER: Defendant objects to this Interrogatory as vague and ambiguous as to its use of the term "reported." Defendant objects to this Interrogatory to the extent it calls for a legal conclusion regarding employees who "reported unlawful conduct." Defendant objects that this Interrogatory is overbroad and unduly burdensome to the extent it requests responsive information regarding "reports," known or unknown, or would require Defendant to interview each employee. Further, the Interrogatory is overbroad because it is not limited to "reports" of alleged gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. Defendant further objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination). Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers.**

**Subject to and without waiving its objections, Defendant states that Danielle Schroeder assumed Human Resources responsibilities for the entities previously supported by Plaintiff following Plaintiff's termination of employment in January 2020. At that time, Ms. Schroeder was supported by Carla Lucz. Ms. Lucz retired in May 2020 and was replaced by Danielle Maxwell. Defendant refers Plaintiff to BERKLEY00189 for responsive information regarding these employees. Defendant further states that no formal reports alleging pregnancy/gender discrimination or retaliation have been filed by any of these employees.**

**INTERROGATORY NO. 6:** Please identify each employee who reported directly to Bill Strout at any time during the period January 1, 2019 to December 31, 2020, and as to each such person, please state his or her name, date of hire, gender, whether and when she took pregnancy or maternity leave while working for defendant or a related entity, his/her current or most recent job title and any changes in his/her job title since January 1, 2019, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER: Defendant objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly**

situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination), nor did Plaintiff report directly to Mr. Strout. The Interrogatory also requests employment information for time periods during which the employees did not report to Mr. Strout (e.g., subsequent employment separation). Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers.

Subject to and without waiving its objections, Defendant refers Plaintiff to BERKLEY00190 for responsive information regarding employees reporting directly to Bill Strout from January 1, 2019 to December 31, 2020 who, during the time period the employees reported directly to Mr. Strout, were either separated from employment or took maternity leave.

**INTERROGATORY NO. 7:**   For the time period January 1, 2018 to present, and within the area of responsibility of any of the persons identified in response to Interrogatory No. 1, please identify each employee who was terminated for performance reasons and, as to each such person, please state his or her name, date of hire, gender, whether and when she took pregnancy or maternity leave, his/her most recent job title, the date his/her employment ended, his/her contact information (home address, personal email address, and home and mobile phone numbers), and the names of all persons who participated in his/her termination.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to "the area of responsibility" of persons identified in response to Interrogatory No. 1 and its reference to persons who "participated" in the employee's termination. Defendant further objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to employees who reported directly to Maria Liappis. Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers.**

Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant refers Plaintiff to BERKLEY00191 for responsive information regarding employees reporting directly to Maria Liappis from January 1, 2018 to present who, during the time period the employees reported directly to Ms. Liappis, were terminated for performance reasons. Defendant states that Ms. Liappis made the decision to terminate these employees' employment. Defendant further refers Plaintiff to its answer to Interrogatory No. 1 for information regarding Plaintiff's termination, which is incorporated herein by reference.

**INTERROGATORY NO. 8:** For the time period January 1, 2018 to present, and within the area of responsibility of any of the persons identified in response to Interrogatory No. 1, please identify each employee who was offered a separation agreement and, as to each such person, please state his or her name, date of hire, gender, whether and when she took pregnancy or maternity leave, his/her most recent job title, the date and reason(s) his/her employment ended, whether and when he/she signed the separation agreement, his/her contact information (home address, personal email address, and home and mobile phone numbers), and the names of all persons who participated in his/her termination.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to "the area of responsibility" of persons identified in response to Interrogatory No. 1 and its reference to persons who "participated" in the employee's termination. Defendant objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination), or to employees who reported directly to Maria Liappis. Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers.**

Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant refers Plaintiff to its answers to Interrogatory Nos. 4, 6 and 7, which include information responsive to this Interrogatory and are incorporated herein by reference.

**INTERROGATORY NO. 9:**   For the time period January 1, 2018 to present, and within the area of responsibility of any of the persons identified in response to Interrogatory No. 1, please identify each employee who was paid severance or post-termination pay but was not required to sign a separation agreement and, as to each such person, please state his or her name, date of hire, gender, whether and when she took pregnancy or maternity leave, his/her most recent job title, the date and reason(s) his/her employment ended, the names of all persons who participated in his/her termination, and the reason(s) he/she was not required to sign a separation agreement to receive additional pay after his/her termination.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to "the area of responsibility" of persons identified in response to Interrogatory No. 1 and its reference to persons who "participated" in the employee's termination. Defendant objects that this Interrogatory is overbroad because it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination), or to employees who reported directly to Maria Liappis. Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant refers Plaintiff to its answers to Interrogatory Nos. 4, 6 and 7, which include information responsive to this Interrogatory and are incorporated herein by reference.**

**INTERROGATORY NO. 10:**   Please identify each of the Intrepid managers who was on the January 9, 2020 employee relations call with plaintiff (as stated at page 3 of your position statement to the EEOC) and, as to each such person, please state his or her name, date of hire, gender, his/her current or most recent job title, the name of his/her employer and the location where he/she worked as of January 9, 2020, the date and reason(s) his/her employment ended (if

applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER: Defendant objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment information and personal/home addresses and telephone numbers. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, Defendant states that Jeremy Marsch and Vernon Woodin attended the January 9, 2020 employee relations call with Plaintiff referred to at page 3 of Defendant's EEOC Position Statement. Defendant will supplement its answer with these employees' gender, current or most recent job title, employer, and date of separation (if applicable).**

**INTERROGATORY NO. 11:**   Please identify each of the Intrepid managers who was at the January 22, 2020 "lunch and learn" (as stated at page 4 of your position statement to the EEOC) and, as to each such person, please state his or her name, date of hire, gender, his/her current or most recent job title the date, the name of his/her employer and the location where he/she worked as of January 22, 2020, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers).

**ANSWER: Defendant objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment information and personal/home addresses and telephone numbers. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, Defendant states that Jeremy Marsch, Jim Miller, Jim Murakami, Melissa Skelly and Dustin Turner attended the January 22, 2020 "Lunch and Learn" referred to at page 4 of Defendant's EEOC Position Statement. Defendant will supplement its answer with these employees' gender, current or most recent job title, employer, and date of separation (if applicable).**

**INTERROGATORY NO. 12:**   With respect to each of the following people, please state his or her full name, date of hire, the name of his/her employer (e.g., Intrepid Direct, Berkley Net), gender, whether and when she took pregnancy or maternity leave while working for defendant or one of its subsidiaries, his/her current or most recent job title, the location where he/she worked as of January 2020, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers):

- The "senior leader" of Berkley Net whom plaintiff allegedly treated rudely on November 20, 2019 (Position Statement, p. 3);

- The Berkley Net employee about whom plaintiff allegedly commented "smart people can often be socially retarded" on November 20, 2019 (Position Statement, p. 3);

- Debbie Fox;

- Brian Nash;

- McKenzie Holmes;

- Melissa Skelly;

- Jeremy Marsch;

- Jim Miller;

- Jim Murakami;

- Dustin Turner;

- Michelle Belluscio;

- Bill Strout;

- "KM" (see Position Statement Exhibit F, p. 1);

- "Melanie" (see Position Statement Exhibit F, pp. 1 & 2);

- "Ceciley" (see Position Statement Exhibit F, pp. 1 & 2);

- "Vernon" (see Position Statement Exhibit F, p. 2);

- Katie Curry;

- Ty Shearon;

- Ed Fitzgerl;

- Patti Karsten;

- Jacci Zach;

- Jim Miller;

- Kelly Smasal;

- Blair Herken;

- Angela Brown;

- Nick DiCarlo;

- Liz Benditt.

**ANSWER: Defendant objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment or medical information and personal/home addresses and telephone numbers. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, Defendant states that the "senior leader" referred to at page 3 of Defendant's EEOC Position Statement is Michelle Belluscio, a BerkleyNet Underwriters Vice President. Defendant refers Plaintiff to its answer to Interrogatory No. 1 for responsive information regarding Bill Strout. Defendant will supplement its answer with these employees' names, gender, current or most recent job title, employer, and date of separation (if applicable).**

**INTERROGATORY NO. 13:**  With respect to each of the following people, please state his or her full name, date of hire, the name of his/her employer (e.g., Intrepid Direct, Berkley Net), his/her current or most recent job title and any changes in his/her job title since January 1, 2019, the location where he/she worked between March 2019 and February 2020, the

date of any promotion during the period March 2019 and February 2020, the date and amount of any changes to his/her salary during that time and the reason(s) for any such change in his/her salary, the date and reason(s) his/her employment ended (if applicable), and if he/she is not a current management employee, his/her contact information (home address, personal email address, and home and mobile phone numbers):

- Mike Compton;

- Ella Kennedy;

- Kevin Hartley;

- Vernon Woodin.

**ANSWER: Defendant objects that this Interrogatory invades the privacy of employee(s) and non-parties to the litigation to the extent the Interrogatory seeks confidential employment information and personal/home addresses and telephone numbers. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, Defendant will supplement its answer with these employees' names, gender, current or most recent job title, employer, and date of separation (if applicable).**

**INTERROGATORY NO. 14:**  For the time period January 1, 2018 to present, and within the area of responsibility of any of the persons identified in response to Interrogatory No. 1, please identify all EEOC charges or lawsuits, or arbitration proceedings alleging gender discrimination, pregnancy discrimination, race discrimination, harassment, hostile work environment, or retaliation, including the name of the charging party and his/her date of hire, date of termination, address and phone numbers, the case or charge number, the date on which the charge or case was filed, and the outcome of each such case or charge.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to "the area of responsibility" of persons identified in response to Interrogatory**

**No. 1. Further, the Interrogatory is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. The Interrogatory thus seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Similarly, this request is not limited to employees who reported directly to Maria Liappis. Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant states that no EEOC charges, lawsuits, or arbitration proceedings alleging pregnancy/gender discrimination or retaliation have been filed by any employee reporting directly to Maria Liappis or Bill Strout from January 1, 2018 to present, other than Plaintiff.**

**INTERROGATORY NO. 15:**  For the time period January 1, 2018 to present, and within the area of responsibility of any of the persons identified in response to Interrogatory No. 1, please identify all internal complaints alleging gender discrimination, pregnancy discrimination, race discrimination, unlawful harassment or hostile work environment, or retaliation, including the name of the employee who made the internal complaint, the date and substance of the complaint, to whom the complaint was made, whether the complaint was investigated and, if so, the outcome of the investigation, and as to the employee who made the complaint, his/her date of hire, date and reason(s) his/her employment ended (if applicable), and his/her address and phone numbers.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its reference to "the area of responsibility" of persons identified in response to Interrogatory No. 1 and in its use of the term "complaints." Defendant objects that this Interrogatory is overbroad and unduly burdensome to the extent it requests responsive information regarding "complaints," known or unknown, or would require Defendant to interview every individual current and former employee. Further, the Interrogatory is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint.  The Interrogatory thus seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Similarly, this request is not limited to employees who reported directly to Maria Liappis. Therefore the Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant states that no formal internal complaints alleging pregnancy/gender discrimination or retaliation have been filed by any employee reporting directly to Maria Liappis or Bill Strout from January 1, 2018 to present.**

**INTERROGATORY NO. 16:**   Please state each and every way in which you believe that plaintiff's job performance was less than satisfactory.

**ANSWER: Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant objects that this Interrogatory is overbroad and unduly burdensome to the extent it requests responsive information regarding performance, known or unknown, or would require Defendant to interview every individual current and former employee. Defendant further objects that this Interrogatory is unduly burdensome to the extent it would require Defendant to create a narrative of "each and every way" Plaintiff's performance was unsatisfactory.**

**Subject to and without waiving its objections, Defendant refers Plaintiff to BERKLEY0001-0100 for documents containing responsive information regarding Plaintiff's unsatisfactory performance.**

**INTERROGATORY NO. 17:**   Please state the value of all employee benefits plaintiff would have been entitled to if she had not been terminated by defendant, including the amount of the employer contribution to plaintiff's medical insurance, the amount of the employer contributions toward plaintiff's retirement, the annual amount of PTO provided by defendant (including vacation, sick leave or other paid time off), and the amount of the employer Social Security and Medicare contributions with respect to plaintiff.

**ANSWER: Defendant objects that this Interrogatory is vague and ambiguous in its use of the phrase "value of all employee benefits."**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Interrogatory, Defendant states that Plaintiff's annual salary at the time of her termination was $78,000. Defendant further refers Plaintiff to BERKLEY0101-187 for Defendant's employee handbook, which contains information regarding vacation, sick leave, and other time off provided by Defendant. Defendant also refers Plaintiff to BERKLEY00192-211 for Plaintiff's pay records, which contain responsive information**

**regarding the amount of employer Social Security and Medicare contributions with respect to Plaintiff.**

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/      Daniel O. Ramón*
Kimberly A. Jones, KS Bar No. 16684
Daniel O. Ramón, KS Bar No.
4801 Main Street, Suite 310
Kansas City, MO  64112
Telephone:  (816) 756-0700
Facsimile:  (816) 756-3700
kim@sbhlaw.com
danny@sbhlaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, the foregoing was served via e-mail to all attorneys of record:

Larry M. Schumaker
Schumaker Center for Employment Law, P.C.
10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:  816.941.9994
Facsimile:  816.941.8244
E-mail:lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF


/s/    *Daniel O. Ramón*
ATTORNEY FOR DEFENDANT

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 15th day of October, 2021.

Carol J. LaPunzina