**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SHANNA M. LAMBING,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:21-cv-02184** |
| **BERKLEY INSURANCE COMPANY,** | |
| **Defendant.** | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to FED. R. CIV. P. 33, Defendant responds and objects to Plaintiff's First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

Defendant objects to these Requests to the extent they call for information subject to the attorney-client privilege and/or work product doctrine. Moreover, some of the Requests and definitions contained therein are overbroad in scope and time; seek personnel information for individuals not involved in this matter and who have a legitimate expectation of privacy in such information; and/or call for information that is neither relevant nor proportional to the needs of the case. Defendant will produce confidential information pursuant to the protective order entered by the Court.

Furthermore, Defendant objects to Plaintiff's First Requests for Production of Documents, or portions thereof, to the extent they seek production of "all," "any," or similar terminology. Such terminology is overly broad, unduly burdensome, vague and ambiguous in that the documents requested may only remotely or tangentially relate to the allegations and claims in this lawsuit or to the particular inquiry stated in Plaintiff's

First Requests for Production of Documents, and therefore the requests, as written, may seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Defendant qualifies its responses by stating that it has not completed its investigation of all the facts relating to this case, discovery has not been completed in this action, and Defendant has not completed preparation for trial. These responses are neither intended as, nor shall in any way be deemed as, an admission or representation that further information does not exist. Defendant reserves the right to amend or supplement these responses as discovery in this case progresses, as new facts are developed, as new information is obtained, and as may be required by the Federal Rules of Civil Procedure and the Court's Local Rules. Therefore, the following responses are given in good faith but without prejudice to Defendant's right to produce any additional evidence at trial or in connection with any pretrial proceeding, including subsequently discovered information or information omitted as a result of mistake, oversight, or inadvertence.

Subject to and without waiving its objections, Defendant submits the following Responses and Objections to Plaintiff's First Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**   A complete copy of plaintiff's personnel file.

**RESPONSE:** Defendant objects to the phrase "complete … personnel file" as vague and ambiguous.

Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKELY00001-0100 for Plaintiff's personnel files as maintained by Defendant and documents kept by Maria Liappis regarding Plaintiff's performance.

**REQUEST NO. 2:**     All performance reviews for plaintiff.

**RESPONSE:** Defendant objects to the phrase "performance reviews" as vague and ambiguous.

Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKELY00001-0100 for the contents of Plaintiff's personnel files as maintained by Defendant and documents kept by Maria Liappis, which contain information regarding Plaintiff's performance.

**REQUEST NO. 3:**     Written discipline given to plaintiff.

**RESPONSE:**   Defendant objects to the term "discipline" as vague and ambiguous.

Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKLEY0007-0008 and BERKLEY0014-0017 for the performance improvement plan developed for Plaintiff.

**REQUEST NO. 4:**     Any performance improvement plan given to plaintiff.

**RESPONSE:**   Defendant refers to its response to Request No. 3, which is incorporated herein by reference.

**REQUEST NO. 5:**     Documents reflecting any follow-up or updates to any such performance improvement plan.

**RESPONSE:** Defendant objects to the terms "follow-up" and "updates" as vague and ambiguous.

Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKLEY00049-0068 and BERKLEY00072-0073 for documents reflecting Plaintiff's performance after the performance improvement plan was developed for Plaintiff.

**REQUEST NO. 6:**     All documents which you believe support the decision to terminate plaintiff's employment.

**RESPONSE:** Defendant objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, Defendant refers Plaintiff to its response to Request No. 1, which is incorporated herein by reference.

**REQUEST NO. 7:** All documents reflecting any recommendation or consideration of plaintiff's termination at any time since she was hired by defendant; any approvals sought or received to terminate plaintiff; any investigation prior to plaintiff's termination; any planning for plaintiff's termination; any notes relating to plaintiff's termination, including any notes or reports or other documentation prepared in advance of, during, or shortly after plaintiff's termination; and any summary, report, or other document regarding the reason(s) for plaintiff's termination.

**RESPONSE: Defendant objects to the terms "consideration," "investigation," "planning," and "relating" as vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKLEY00049-0068 and BERKLEY00072-0073 for documents reflecting Defendant's investigation of Plaintiff's performance prior to her termination.**

**REQUEST NO. 8:** All written communications (including emails and text messages) between Maria Liappis and Bill Strout regarding plaintiff, including anything relating to plaintiff's job performance, conduct, attitude, discipline, performance improvement plan, termination, and/or the decision to offer plaintiff a separation agreement.

**RESPONSE: Defendant objects that the terms "relating," "attitude" and "discipline" are vague and ambiguous. Defendant further objects that this Request is overbroad in its request for communications regardless of whether such communications are relevant to Plaintiff's claims. Consequently, the request is not proportional to the needs of the case. To the extent this Request contemplates the search of email or other electronic communications, Defendant objects to this Request as being not reasonably specific in terms of search criteria or scope.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKLEY00001-0100, which contain documents responsive to this Request.**

**REQUEST NO. 9:**    Any file maintained by Ms. Liappis regarding plaintiff.

**RESPONSE:  Defendant objects to the term "file" as vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving its objections, and based on its understanding of the Request, Defendant refers Plaintiff to BERKLEY00001-0100 for documents kept by Maria Liappis regarding Plaintiff.**

**REQUEST NO. 10:**  Any file maintained by Mr. Strout regarding plaintiff.

**RESPONSE: Defendant objects to the term "file" as vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving its objections, and based on its understanding of the Request, Defendant states that it has no responsive documents.**

**REQUEST NO. 11:**  For the time period January 1, 2018 to present, and with respect to defendant's operations in the Kansas City Metro Area, all charges of discrimination filed with the EEOC, state or local agency complaints, lawsuits, or arbitration proceedings.

**RESPONSE:  Defendant objects that this Request is vague and ambiguous in its reference to "Defendant's operations in the Kansas City Metro Area." Further, the Request is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. The Request thus seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Similarly, this Request is not limited to employees who reported directly to Maria Liappis. Therefore the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant states that no EEOC charges, lawsuits, or arbitration proceedings alleging pregnancy/gender discrimination or retaliation**

have been filed by any employee reporting directly to Maria Liappis or Bill Strout from January 1, 2018 to present, other than Plaintiff.

**REQUEST NO. 12:**  All documents provided by you to, or provided to you from, any government agency (including but not limited to the KDOL, EEOC, or KHRC) regarding plaintiff.

**RESPONSE: Defendant refers Plaintiff to BERKLEY00232-00285.**

**REQUEST NO. 13:**  For the time period January 1, 2018 to present, and with respect to defendant's operations in the Kansas City Metro Area, all internal complaints of unlawful discrimination, harassment, or retaliation.

**RESPONSE: Defendant objects that this Request is vague and ambiguous in its reference to "Defendant's operations in the Kansas City Metro Area." Further, the Request is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. The Request thus seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Similarly, this Request is not limited to employees who reported directly to Maria Liappis. Therefore the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant states that no formal internal complaints alleging pregnancy/gender discrimination or retaliation have been filed by any employee reporting directly to Maria Liappis from January 1, 2018 to present.**

**REQUEST NO. 14:**  For the time period January 1, 2018 to present, and with respect to defendant's operations in the Kansas City Metro Area, documents reflecting the investigation of all internal complaints of unlawful discrimination, harassment, or retaliation.

**RESPONSE:  Defendant objects that this Request is vague and ambiguous in its reference to "Defendant's operations in the Kansas City Metro Area" and use of the term "complaints." Further, the Request is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint.  The Request thus seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Similarly, this**

Request is not limited to employees who reported directly to Maria Liappis. Therefore the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant states that no formal internal complaints alleging pregnancy/gender discrimination or retaliation have been filed by any employee reporting directly to Maria Liappis from January 1, 2018 to present.

**REQUEST NO. 15:**  Any witness statements.

**RESPONSE:**  Defendant objects that the term "statement" is vague, ambiguous, and undefined.  Defendant will construe the Request as a request for signed or adopted statements, or those that have been recorded by audio or video.  Defendant further objects that this Request is overbroad in its request for "statements" regardless of whether such "statements" are relevant to Plaintiff's claims.  Consequently, the request is not proportional to the needs of the case.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKLEY0072-0073.

**REQUEST NO. 16:**  Documents reflecting the date and reason(s) why any of the persons listed in Interrogatory No. 12 stopped working for defendant or one of its related entities.

**RESPONSE:**  Defendant objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, and as stated in Defendant's Answers and Objections to Plaintiff's First Interrogatories, Defendant will supplement its answer to Interrogatory No. 12 with the employees' date of separation (if applicable).

**REQUEST NO. 17:**  Documents reflecting the date and reason(s) why any of the persons listed in Interrogatory No. 13 stopped working for defendant or one of its related entities.

**RESPONSE:** Defendant objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, and as stated in Defendant's Answers and Objections to Plaintiff's First Interrogatories, Defendant will supplement its answer to Interrogatory No. 13 with the employees' date of separation (if applicable).

**REQUEST NO. 18:** Benefit plans and summaries regarding any employee benefits that plaintiff would have received if she had remained employed with defendant.

**RESPONSE:** Defendant will supplement with its 2020 benefit summary plan description, or similar document.

**REQUEST NO. 19:** Documents reflecting plaintiff's salary.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it requests *any* document reflecting Plaintiff's salary. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, Defendant refers Plaintiff to BERKLEY00192-00211 for Plaintiff's pay statements.

**REQUEST NO. 20:** W-2 forms showing the compensation earned by plaintiff during the years 2019 and 2020.

**RESPONSE:** Defendant refers Plaintiff to BERKLEY00212-00213.

**REQUEST NO. 21:** Personnel policies, personnel manuals, and/or employee handbooks in effect during 2019 and 2020.

**RESPONSE:** Defendant objects that this Request is overbroad in its request for documents regardless of whether such documents are relevant to Plaintiff's claims. The Request is not limited in scope to the matters put at issue by the pleadings, and therefore the Request seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case.

Subject to and without waiving its objections, Defendant refers Plaintiff to BERKLEY00101-0187 for the Employee Handbook that applied to Plaintiff during her employment with Defendant.

**REQUEST NO. 22:**  Any memos, e-mails, voicemails, audiotapes, or other

documents that contain any criticism or negative information about plaintiff.

**RESPONSE:**  Defendant objects that the terms "criticism" and "negative information" are vague and ambiguous. Defendant objects to this Request as unduly burdensome to the extent it seeks documents from *any* employee of Defendant. To the extent this request contemplates the search of email or other electronic communications, Defendant objects to this Request as being unduly burdensome in terms of cost and not reasonably specific in terms of potential custodians, search criteria, or scope. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKLEY00001-0100. Defendant further states it is not aware of any audio recordings regarding Plaintiff.

**REQUEST NO. 23:**  Any memos, e-mails, voicemails, audiotapes, or other

documents that contain any commendations or praise for plaintiff.

**RESPONSE:**  Defendant objects that the terms "commendations" and "praise" are vague and ambiguous. Defendant objects to this Request as unduly burdensome to the extent it seeks documents from *any* employee of Defendant. To the extent this request contemplates the search of email or other electronic communications, Defendant objects to this Request as being unduly burdensome in terms of cost and not reasonably specific in terms of potential custodians, search criteria, or scope. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant states that it is not aware of responsive documents at this time.

**REQUEST NO. 24:**  Documents reflecting the date of hire and qualifications of

the person(s) who took over plaintiff's responsibilities after her termination.

**RESPONSE:** Defendant objects that the term "qualifications" is vague and ambiguous. Defendant further objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKLEY00226-0231 for resumes of the individuals identified in Defendant's answer to Interrogatory No. 5. Defendant further refers Plaintiff to BERKLEY00189 for their date of hire.

**REQUEST NO. 25:** All draft and versions of what appear to be Ms. Liappis' notes regarding plaintiff (see, e.g., Exhibit F to the position statement response to plaintiff's charge of discrimination).

**RESPONSE:** Defendant objects that the terms "draft" and "versions" are vague and ambiguous. To the extent this Request contemplates the forensic examination of Exhibit F, Defendant objects to this Request as being unduly burdensome in terms of cost, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKELEY00030-0039 and BERKLEY00049-0068 for Maria Liappis' notes regarding Plaintiff.

**REQUEST NO. 26:** Documents reflecting the dates and substance of any changes to Ms. Liappis' notes regarding plaintiff (see Exhibit F to the position statement response to plaintiff's charge of discrimination as what purports to be the final version of these notes).

**RESPONSE:** Defendant objects that the term "changes" is vague and ambiguous. To the extent this Request contemplates the forensic examination of Exhibit F, Defendant objects to this Request as being unduly burdensome in terms of cost, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case.

Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKELEY00030-0039 and BERKLEY00049-0068 for Maria Liappis' notes regarding Plaintiff.

**REQUEST NO. 27:**  All emails to or from Ms. Liappis regarding the Lunch and Learn on 1/22/2020.

**RESPONSE: To the extent this Request contemplates the search of email communications, Defendant objects to this Request as being unduly burdensome in terms of cost and not reasonably specific in terms of search criteria or scope. For example, it is unclear whether this Request seeks emails sent to or from Ms. Liappis on 1/22/2020, or any date. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant refers Plaintiff to BERKLEY00072-0073. Defendant further agrees to supplement its response subject to mutually agreed search parameters to narrow this request.**

**REQUEST NO. 28:**  All emails to or from Mr. Strout regarding the Lunch and Learn on 1/22/2020.

**RESPONSE: To the extent this Request contemplates the search of email communications, Defendant objects to this Request as being unduly burdensome in terms of cost and not reasonably specific in terms of search criteria or scope. For example, it is unclear whether this Request seeks emails sent to or from Mr. Strout on 1/22/2020, or any date. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving its objections, and based on Defendant's understanding of the Request, Defendant agrees to supplement its response subject to mutually agreed search parameters to narrow this request.**

**REQUEST NO. 29:**  The separation agreement that was offered to plaintiff.

**RESPONSE: Defendant refers to BERKLEY00214-0225.**

**REQUEST NO. 30:**  Documents reflecting the date and time such separation agreement was created.

**RESPONSE:  Defendant objects that this Request is vague, ambiguous, and not reasonably specific in its request for documents "reflecting the date and time" another document was created. To the extent this Request contemplates a forensic examination of the separation agreement, Defendant objects to this Request as being unduly burdensome in terms of cost, neither relevant nor reasonably calculated to**

lead to the discovery of admissible evidence, and not proportional to the needs of this case.

**REQUEST NO. 31:**  Documents reflecting the investigation, if any, of plaintiff's

concerns regarding a "hostile work environment" at Intrepid.

**RESPONSE:  Defendant objects that the terms "concerns" and "hostile work environment" as used by Plaintiff are vague and ambiguous. Defendant objects to this Request to the extent it calls for a legal conclusion regarding a "hostile work environment." Further, the Request is overbroad because it is not limited to "concerns" of alleged gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. Defendant further objects that this Request is overbroad to the extent it seeks private and confidential employment information of employees who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination). Therefore the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**REQUEST NO. 32:**  Documents reflecting the investigation, if any, of the

treatment of Angela Brown.

**RESPONSE:  Defendant objects that the term "treatment" is vague and ambiguous. Further, the Request is overbroad because it is not limited to gender/pregnancy discrimination or retaliation, which are the claims asserted in Plaintiff's Complaint. Defendant objects that this Request is overbroad because it seeks private and confidential employment information of employees and non-parties to the litigation who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination).  Therefore the Request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.**

**REQUEST NO. 33:**  Documents reflecting the investigation, if any, regarding

why Ella Kennedy was not given a salary increase when she was promoted in 2019.

**RESPONSE:** Defendant objects that the term "treatment" is vague and ambiguous. Defendant objects that this Request is overbroad because it seeks private and confidential employment information of employees and non-parties to the litigation who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination). Therefore the Request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case. Defendant further objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant further objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST NO. 34:** Documents reflecting the date of promotion for each of the following persons:

- Mike Compton;

- Ella Kennedy;

- Kevin Hartley;

- Vernon Woodin.

**RESPONSE:** Defendant objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant objects that this Request is overbroad because it seeks private and confidential employment information of employees and non-parties to the litigation who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination). Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.

**REQUEST NO. 35:** Documents reflecting the salaries of each of the following persons as of January 1, 2019 (or upon his/her date of hire if hired during 2019) and the date and reason(s) for any salary increases during 2019 and 2020:

- Mike Compton;

- Ella Kennedy;

- Kevin Hartley;

- Vernon Woodin.

**RESPONSE:**  **Defendant objects that this Request invades the privacy of employee(s) and non-parties to the litigation to the extent the Request seeks confidential employment information. Defendant objects that this Request is overbroad because it seeks private and confidential employment information of employees and non-parties to the litigation who are not similarly situated to Plaintiff. Specifically, this request is not limited to the allegedly discriminatory and/or retaliatory actions taken against Plaintiff as set forth in the Complaint (i.e., termination).  Defendant further objects that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of this case.**

Respectfully submitted by:

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/      Daniel O. Ramón*
Kimberly A. Jones, KS Bar No. 16684
Daniel O. Ramón, KS Bar No.
4801 Main Street, Suite 310
Kansas City, MO  64112
Telephone:  (816) 756-0700
Facsimile:  (816) 756-3700
kim@sbhlaw.com
danny@sbhlaw.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 15, 2021, the foregoing was served via e-mail to all attorneys of record:

Larry M. Schumaker
Schumaker Center for Employment Law, P.C.
10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:  816.941.9994
Facsimile:  816.941.8244
E-mail:<u>lms@schumakercenter.com</u>

ATTORNEY FOR PLAINTIFF


*/s/    Daniel O. Ramón*
ATTORNEY FOR DEFENDANT