IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNA M. LAMBING, | |
| **Plaintiff,** | |
| vs. | Case No. 2:21-cv-02184-JWB-TJJ |
| BERKLEY INSURANCE COMPANY, | |
| **Defendant.** | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE PROPER RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

The instant case is a classic example of a defendant attempting to obstruct the discovery process with stalling and stonewalling tactics. Since propounding the discovery in question in August 2021, the undersigned and the Court have accommodated defendant with multiple extensions of time so as to allow it to provide basic information that should have been produced months ago. When plaintiff filed the instant motion on December 13, 2021, which was the last day of the extended deadline granted by the Court (ECF 23), the undersigned noted: "To date, however, defendant has not provided supplemental responses, the documents produced by defendant remain deficient, and there is insufficient time to review and analyze defendant's supplemental responses even if it deigns to provide them later today." ECF 26, p. 2, ¶ 8. Several hours later, defendant served its supplemental responses which, as predicted, did not afford sufficient time to evaluate their responsiveness. Moreover, despite assurances in those responses that defendant would provide additional information and documents, it did not follow through until *today*, and its arguments for refusing to provide other basic information are based on misstatements regarding the relevant standards governing discovery. Accordingly, plaintiff respectfully asks the Court to enter anorder compelling defendant to provide proper responses and responsive documents as discussed below.

**Interrogatory Nos. 4 and 6**

These interrogatories seek basic information regarding other employees who reported directly to the primary decision-makers identified by defendant, Ms. Liappis and Mr. Strout. Defendant initially responded with lengthy boilerplate objections and, after discussions with the undersigned, defense counsel agreed to provide information regarding these employees. Approximately four weeks later, on December 7, 2021, defendant produced two lists (Berkley000286-287) titled "Interrogatory No. 4 Supplement" and "Interrogatory No. 6 Supplement" with incomplete information. Then, after plaintiff filed the instant motion to compel on December 13, 2021, defendant provided a supplemental interrogatory response stating that it would supply the contact information for the six former employees on its lists. *See* ECF 28, p. 3. However, in another apparent stalling tactic, defendant did not provide the contact information for these former employees until today, nor did it indicate whether the current employees on its lists are considered management personnel and, if not, their contact information.

Defendant's objection to providing contact information for non-management current employees is based on a mischaracterization of this Court's precedent. In its opposition brief, defendant purports to rely on an 18-year-old case filed by a *pro se* plaintiff – *Van Deelen v. Shawnee Mission School Dist.* – for the proposition that information regarding other employees is discoverable only if they "engaged in the retaliation or discrimination at issue or…played an important role in the decision or incident that gives rise to the lawsuit." In point of fact, that case involved a request for the *personnel file* of an employee, not basic contact information or a narrow request for specific documents. *See Van Deelen v. Shawnee Mission School Dist.*, No. 03–2018–CM, 2003 WL 22849185 at *2 & n. 7 (D. Kan. Nov. 24, 2003).

Moreover, this Court repeatedly has held that discovery of co-worker personnel records is not limited to wrongdoers and decision-makers; instead, discovery of personnel records is proper

when the co-worker is a potential witness to the events giving rise to the lawsuit, which includes employees who witnessed events that support the inference of discrimination or were treated in a preferential manner. *See, e.g., White v. Graceland College Center for Professional Development & Lifelong Learning, Inc.,* 586 F. Supp. 2d 1250, & n. 15 (D. Kan. July 30, 2020); *Simmons v. Amsted Rail Company*, Case No. 19-2233-JAR, 2019 WL 4339583, *3 (Sep. 12, 2019); *see also Duboc v. Cox Communications Kansas*, Case No. 21-2041-EFM, 2021 WL 4399486, at *4-5 (D. Kan. Sep. 27, 2021) (granting motion to compel defendant to provide contact information for potential witnesses, including current management employees); *Goracke v. Atchison Hospital Assn.*, Case No. 17-2664-JAR, 2018 WL 4030563 (Aug. 23, 2018) (granting motion to compel discovery of personnel files of co-workers who witnessed the events that resulted in the plaintiff's termination).

In this regard, defendant's assertion that none of the current employees in question is a comparator or played any role in plaintiff's termination is both inaccurate and immaterial. As noted above, Interrogatory Nos. 4 and 6 do not seek personnel records; they simply seek basic information, including contact information, regarding other employees who reported directly to the decision-makers in this case. Each of these employees is likely to have discoverable information regarding how their superiors treated them, which is a critical point of comparison to how they treated plaintiff. *See Simmons v. Amsted Rail Company*, Case No. 19-2233-JAR, 2019 WL 4339583, *1-4 (Sep. 12, 2019). It also bears emphasis that defendant has unfettered access to its current employees, which permits it to interview and evaluate them as potential witnesses; all that plaintiff seeks is access to these potential witnesses, provided they are not management employees who are off-limits under the rule regarding *ex parte* communication. *See Duboc v. Cox Communications Kansas*, Case No. 21-2041-EFM, 2021 WL 4399486, at *4-5 (D. Kan. Sep. 27, 2021).

**Interrogatory No. 12**

This interrogatory seeks basic information regarding witnesses who were identified in the parties' initial disclosure statements and/or who have information regarding the purported reasons for plaintiff's termination. While belatedly providing some information in Berkley000288, defendant again has not stated whether the employees listed are currently employed in a management position and, if not, their contact information. Each of these people is a potential key witness with relevant information regarding the events that led to plaintiff's termination; in fact, many of these witnesses were specifically identified or referenced by defendant in its response to plaintiff's EEOC charge and others were specifically identified in the parties' disclosure statements. As such, plaintiff simply seeks their contact information unless prohibited by the rule against *ex parte* communication.

> As this Court has stated:
>
> "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence.'" "'At the discovery stage, relevance is broadly construed. Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.
>
> "When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."

*Young v. Physician Office Partners, Inc.*, No. 18-cv-2481-KHV-TJJ, 2019 WL 4256365, at *1-2 (D. Kan. Sep. 9, 2019) (granting motion to compel personnel records); *see also Simmons v. Amsted Rail Company*, Case No. 19-2233-JAR, 2019 WL 4339583, *3 (Sep. 12, 2019) (granting motion to compel personnel records); *Goracke v. Atchison Hospital Assn.*, Case No. 17-2664-JAR, 2018 WL 4030563 (Aug. 23, 2018) (granting motion to compel discovery of personnel information and

4

records in a case in which defense counsel represented the plaintiff); *Duboc v. Cox Communications Kansas*, Case No. 21-2041-EFM, 2021 WL 4399486, at *4-5 (D. Kan. Sep. 27, 2021) (granting motion to compel defendant to provide contact information for potential witnesses, *including* current management employees).

In its opposition brief, defendant offers generalized opposition and, as in *Duboc*, it has not shown a legitimate basis for refusing to provide the requested contact information. In fact, the only specific argument asserted by defendant – its assertion at pages 4-5 of its opposition brief that there is no possible relevance to providing contact information for the African-American employee on whose behalf plaintiff opposed unlawful discrimination – is particularly disingenuous in two respects. First, it again bears emphasis that Interrogatory No. 12 does not seek that employee's personnel file; it only asks whether she is a current management employee (in which case she will need to be deposed) and, if not, it seeks her contact information (to permit the undersigned to speak with her without the inherent intimidation of sitting for a formal deposition in a case against her employer). Second, with respect to defendant's relevancy argument, it appears that defendant intends to deny that Ms. Lambing opposed the discrimination against this employee and, further, plans to challenge whether Ms. Lambing's opposition was made in good faith; surely, it is relevant if that employee herself believed that she was subjected to discrimination. In addition, this employee is likely to have discoverable information regarding whether defendant did anything to investigate or remedy the discrimination against her and, if not, it will reinforce the inference that defendant simply chose to ignore it and retaliate against plaintiff because, as Ms. Liappis put it, she was unwilling to "let executives like Mr. Strout do what they wanted to do."

Simply put, the burden is on defendant to demonstrate a lack of "minimal relevancy," which it clearly cannot do in light of the fact that each of the employees in question was referenced by defendant in its position statement to the EEOC and/or identified in the

parties' initial disclosure statements. As this Court explained in *Duboc,* which coincidentally involved a refusal to provide witness contact information in response to an Interrogatory No. 12:

> Interrogatory No. 12 asks defendant to provide the name, residential address, and all telephone numbers of each person identified in both plaintiff's and defendant's Rule 26(a)(1) disclosures and any supplemental disclosures. Defendant objects to the interrogatory only to the extent it seeks contact information for defendant's current management-level employees. Defendant claims plaintiff has no need for the information insofar as plaintiff is precluded from contacting these individuals, and where defendant has agreed to coordinate their video depositions and hearing attendance. Defendant further argues the interrogatory seeks information "protected by defendant's management employees' right to privacy."
>
> Defendant does not dispute plaintiff's assertion that the information sought is encompassed within the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements, nor does defendant provide the court any authority suggesting that constraints on plaintiff's ability to contact any identified individual—ethical or otherwise—void its Rule 26(a)(1) obligations. The court finds defendant's privacy concerns disingenuous to the extent they're asserted only on behalf of defendant's management-level employees (i.e., defendant claims to have already provided plaintiff the requested contact information for its former employees and current non-management employees). Plaintiff's motion to compel is granted as to Interrogatory No. 12.

*Duboc v. Cox Communications Kansas*, Case No. 21-2041-EFM, 2021 WL 4399486, at *4-5 (D. Kan. Sep. 27, 2021) (footnotes omitted). Similarly, in the instant case, defendant's objections should be overruled, and it should be compelled to provide the requested information forthwith.

**Interrogatory No. 17**

In its opposition brief, defendant agreed to provide specific information regarding the value of plaintiff's lost employee benefits, *see* ECF 28, p. 5, but it did not do so until earlier today. Accordingly, this issue is moot, although it again should be noted that this delay has only served to compress the remaining time before the discovery deadline of March 31, 2022.

**Document Request Nos. 16 and 17**

As noted in plaintiff's motion to compel, defendant produced additional documents on December 7, 2021, but many of them appeared to be gratuitous and it was unclear which

documents defendant had provided in response to Request Nos. 16 and 17. This deficiency was addressed when defendant served its supplemental responses on December 13, 2021, and specifically referenced Berkley000288, which contains the requested information regarding the date and reasons for separation of the employees listed in Interrogatory Nos. 12 and 13. Accordingly, plaintiff's motion to compel is moot with respect to Request Nos. 16 and 17.

### Document Request Nos. 31, 32, and 33

These document requests relate to defendant's investigation, if any, of various discrimination concerns expressed by plaintiff. In its initial responses, defendant offered boilerplate objections and refused to state whether it had any responsive documents; in its supplemental responses, defendant stated that it has no responsive documents. *See* ECF 28-2, pp. 12-14. Accordingly, plaintiff's motion to compel is moot with respect to these document requests.

### Document Request Nos. 34 and 35

Request Nos. 34 and 35 are narrowly focused on personnel records reflecting the dates of the promotions and salary increases (if any) for three male employees and one female employee, which was one of the unlawful employment practices opposed by plaintiff, which was in close temporal proximity to Mr. Strout's decision to place plaintiff on a performance improvement plan, which was the beginning of the process that resulted in plaintiff's termination. As such, these targeted document requests are essential to corroborating the good faith basis for plaintiff's opposition to unlawful gender discrimination and its proximity to defendant's retaliatory conduct.

At page 6 of its opposition brief, defendant attempts to ignore the significance of this information by again asserting that "[t]he question is whether Plaintiff 'reasonably believe[d] the incident(s) complained of violate Title VII,' not whether such incidents *actually are* unlawful employment practices"; however, unless defendant is willing to stipulate that plaintiff opposed this

7

unlawful discrimination and did so in good faith shortly before she was placed on a performance improvement plan, the requested documents are critical to corroborate plaintiff's protected opposition to unlawful discrimination *and* the temporal proximity of her protected activity to defendant's retaliation against her. Accordingly, plaintiff respectfully renews her request for an order compelling defendant to produce the documents requested in RPD Nos. 34 and 35.

## CONCLUSION

As noted above, the instant case is a classic example of a defendant engaging in stalling and stonewalling tactics designed to distract and delay attention from the merits of this case. While most of the issues and deficiencies addressed in the instant motion are moot in view of defendant's belated supplemental responses and its even-more-belated second supplemental responses, it is troubling that it has taken five months to obtain the basic information that defendant has deigned to provide and, even then, the following matters require the Court's consideration and intervention:

- Contact information for the non-management employees identified in Interrogatory Nos. 4, 6, and 12.
- Documents reflecting the promotions and salary increases for the four employees identified in Document Request Nos. 34 and 35.

WHEREFORE, plaintiff respectfully asks this Court to sustain this motion and direct defendant to provide the requested information and documents forthwith, and for such other relief as the Court deems proper.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By   /s/ *Larry M. Schumaker*
      Larry M. Schumaker      D. Kan. #70450

8

800 East 101st Terrace, Suite 350
Kansas City, Missouri 64131
Telephone: 816.941.9994
E-mail:lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing on this 10th day of January 2022 to:

Kimberly A. Jones (kim@sbhlaw.com)
Daniel O. Ramón (danny@sbhlaw.com)
SEYFERTH BLUMENTHAL & HARRIS LLC
4801 Main Street, Suite 310
Kansas City, MO 64112
ATTORNEYS FOR DEFENDANT

/s/ *Larry M. Schumaker*
Attorney for Plaintiff