IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNA M. LAMBING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-2184-JWB-TJJ |
| | ) |
| BERKLEY INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This employment discrimination/retaliation case is before the Court on Plaintiff's Motion to Compel (ECF No. 26). Initially, Plaintiff's motion related to four interrogatories and seven requests for production. After the motion was filed, Defendant continued supplementing its discovery responses, and the remaining disputes involve only three interrogatories (Nos. 4, 6, and 12) and two requests for production (Nos. 34 and 35). The remaining dispute with the interrogatories is whether Defendant must provide contact information for current non-management employees. The remaining dispute with the requests for production is whether Defendant must disclose the promotion dates, salaries, and salary increases for four employees. For the following reasons, the Court grants Plaintiff's motion.

Based on the representations by the parties, the Court first finds that the parties have conferred in good faith to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

Interrogatory Nos. 4 and 6 seek contact information for current non-management employees who reported directly to the primary decision-makers identified by Defendant, Maria Liappis and Bill Strout, between January 1, 2019 and December 31, 2020. Interrogatory No. 12 requests the same contact information for witnesses identified in the parties' initial disclosures and/or who have information regarding the alleged reasons for terminating Plaintiff's

employment. Defendant has provided lists of employees and has provided contact information for former employees, but Defendant has declined to indicate who on the lists are current management employees or the contact information for current non-management employees.

Defendant lodged several objections to Plaintiff's requests: overbroad because they seek private and confidential information of employees not similarly-situated to Plaintiff; lack of relevance and not proportional to the needs of the case; and invades the privacy of employees and non-parties. Defendant also answered the interrogatories in part, "subject to and without waiving its objections." This, of course, renders Defendant's responses conditional. "Conditional responses," also referred to as "conditional objections," are "invalid and unsustainable."[1] Among the reasons is that objections followed by an answer "preserve nothing and serve only to waste the time and resources of both the Parties and the Court."[2] "[A]nswering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not."[3] Rules 33 and 34 demand an answer to an interrogatory, a statement that inspection or production will be permitted as requested, or an objection. The discovery rules contemplate no other response. The Court could overrule Defendant's objections on this basis alone. Nevertheless, while the Court notes its rejection of conditional objections or responses, this is not the basis of the Court's holding.

---

[1] *See Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

[2] *Id.* at *2 (quoting *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008)).

[3] *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *1 (M.D. Fla. April 29, 2011).

First, the Court finds that Plaintiff's requests are not overbroad, irrelevant, or disproportional. Defendant cites *Van Deelen v. Shawnee Mission School District #512* for the proposition that Plaintiff may only discover information about other employees if they "engaged in the retaliation or discrimination at issue or . . . played an important role in the decision or incident that gives rise to the lawsuit."[4] But *Van Deelen* was considering whether an entire personnel file must be produced—not contact information for employees who are potential witnesses. It is unnecessary for Plaintiff to allege that the employees are similarly situated or played a role in the decision-making for purposes of discovery of their contact information.

The threshold for relevance is not high; relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[5] Information "need not be admissible in evidence to be discoverable."[6] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[8] Unless the request is overly broad on its face, the

---

[4] No. 03-2018-CM, 2003 WL 22849185, at *2 & n.7 (D. Kan. Nov. 24, 2003).

[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[6] Fed. R. Civ. P. 26(b)(1).

[7] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[8] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

party resisting discovery has the burden to support its objection.[9] A request is overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[10]

Plaintiff's requests appear relevant on their face and are not facially overbroad. The employees are likely to have information about how their supervisors treated them, which provides a point of comparison as to how the supervisors treated Plaintiff. The employees are also potential witnesses to the events giving rise to this case. Many of the employees listed in Interrogatory No. 12 were included in one or both parties' initial disclosures, making contact information required under Rule 26(a)(1)(i).[11] In particular, one employee—the African-American employee on whose behalf Plaintiff opposed allegedly unlawful discrimination—likely has relevant information tending to show or corroborate whether Plaintiff acted in good faith. This employee is also likely to have information about whether Defendant investigated the alleged discrimination. Defendant is correct on one point—at trial, the issue will not be whether that employee was, in fact, subject to discrimination.[12] But certainly that employee's perception

---

[9] *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005) (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000) (citations omitted)).

[10] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *4 (D. Kan. Jan. 5, 2015) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658–59 (D. Kan. 2006) (internal citations omitted)).

[11] Although Plaintiff listed more of the employees in her initial disclosures than Defendant did, Defendant added the language "All individuals identified in Plaintiff's disclosures and any supplements thereto." In most instances, Plaintiff did not have the contact information for Defendant's employees and former employees, but Defendant should have it.

[12] *See Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016) ("Title VII broadly protects an employee who reasonably believes he is opposing a practice made an unlawful practice by Title VII, whether or not an actual violation has occurred.") (citation omitted).

and experience may be relevant to show whether Plaintiff acted in good faith. Plaintiff's request for contact information, so counsel can contact the employees outside the scope of a deposition, is reasonable. And judges in the District of Kansas have regularly approved similar requests.[13]

Second, the Court finds that Defendant's privacy concerns do not constitute a valid objection. Potential invasion of privacy does not, of itself, render an interrogatory objectionable.[14] "Upon a proper showing of invasion of privacy, the court can enter an appropriate protective order."[15] In this case, the Court has already entered a protective order that protects, among other things, Defendant's personnel records. The Court is confident that any privacy concerns relating to contact information can be mitigated by the existing protective order.

Request for Production Nos. 34 and 35 seek documents for four individuals reflecting (1) the dates of promotion; (2) salaries as of January 1, 2019 (or upon hire if during 2019); and (3) the dates and reasons for any salary increases in 2019 and 2020. Defendant makes the same objections as with the interrogatories addressed above: overbroad, irrelevant and not proportional, and invades the privacy of employees and non-parties.

The Court again overrules Defendant's objections. The requests are not overbroad, irrelevant, or disproportional. They are narrowly-tailored to four employees—three males and

---

[13] *See, e.g.*, *White v. Graceland Coll. Ctr. for Prof'l Development & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1259 & n.15 (D. Kan. July 30, 2020) (stating employment records of "key witnesses" are often subject to discovery); *Simmons v. Amsted Rail Co.*, No. 19-2233-JAR, 2019 WL 4339583, at *3 (D. Kan. Sept. 12, 2019) (permitting discovery about co-workers in plant, subject to a limited time period).

[14] *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2018 WL 3055869, at *6 (D. Kan. June 20, 2018); *Schartz v. Unified Sch. Dist. No. 512*, No. CIV. A. 95-2491-EEO, 1996 WL 741384, at *2 (D. Kan. Dec. 18, 1996).

[15] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996).

one female, for a limited time period. Plaintiff allegedly opposed gender discrimination, and she seeks this information for a date range with temporal proximity to her own (allegedly retaliatory) placement on a performance plan. The performance plan ultimately resulted in Plaintiff's termination. Defendant again directs the Court to law which holds that what matters is not whether incidents are *actually* unlawful employment practices, but whether Plaintiff reasonably believed they could constitute unlawful employment practices.[16] The Court has explained why this difference is immaterial at this stage of the case; the promotions and salaries of the other four employees may corroborate or support whether Plaintiff complained in good faith.

And again, Defendant's privacy objection is not a valid objection, for the same reasons explained *supra*.[17] For these reasons, the Court grants Plaintiff's motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 26) is granted. Defendant shall supplement its interrogatory answers and produce requested documents within seven days of the date of this Memorandum and Order.

Dated February 23, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[16] *See Hansen*, 844 F.3d at 926; *Pruitt v. Kansas*, 364 F. Supp. 2d 1264, 1270 (D. Kan. 2005) ("[I]t is not necessary for plaintiff to succeed on or even assert that underlying claim in order to prove a case of retaliation if she had a reasonable, but mistaken good faith belief that Title VII had been violated.").

[17] *Pipeline Prods., Inc.*, 2018 WL 3055869, at *6; *Schartz*, 1996 WL 741384, at *2.